IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-230-BO

| | |
|---|---|
| CAMERON CAIN-BAARBÉ, *individually and as the representative of the* ESTATE OF ALEXANDER PINCZOWSKI; JAMES PALMER CAIN; and HELEN REVELLE CAIN; | ) ) ) ) ) |
| RON GREENFIELD; PNINA GREENFIELD; LIRON SHALOM GREENFIELD; SHERE GREENFIELD; GILI GREENFIELD; and SHYE GREENFIELD; | ) ) ) ) ) |
| CARYN OR TSADOK ORBACH and URI ORBACH, *individually and as the representatives of the* ESTATE OF EREZ ORBACH *and on behalf of their minor children* A.O., E.O., and O.O.; EITAN ORBACH; and ALON ORBACH; | ) ) ) ) ) ) ) ) |
| EYTAN YAIR RUND and TAMAR BRACHA RUND, *individually and on behalf of their minor children* S.A.R., H.H.R., and Y.M.R.; | ) ) ) ) |
| NITZACHYA GOLDMAN, *individually and as the representative of the* ESTATE OF AVRAHAM GOLDMAN; GILA NISSENBAUM; NATAN GOLDMAN; MAYA GOLDMAN COHEN; SHARON GOLDMAN NAJMAN; YOSEF GOLDMAN; ISRAEL GORENZKY; and TAMAR CHORESH; | ) ) ) ) ) ) ) ) ) |
| BEATRIZ GONZALEZ, *individually and as the representative of the* ESTATE OF NOHEMI GONZALEZ; JOSE HERNANDEZ; REY GONZALEZ; and PAUL GONZALEZ, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE SYRIAN ARAB REPUBLIC, | ) ) |
| Defendant. | ) |

## MOTION TO VACATE OR MODIFY NOTICE DIRECTING PLAINTIFF TO PROCEED AFTER ENTRY OF DEFAULT

NOW COME Plaintiffs, by and through the undersigned counsel, responding to the Court's March 28, 2022 Notice Directing Plaintiff to Proceed after Entry of Default ("Notice") (ECF No. 56) On February 25, 2022 the Clerk noted the default of Defendant The Syrian Arab Republic ("Syria") pursuant to Fed. R. Civ. P. 55(a). The next step is for Plaintiffs to file a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). Thereafter, on March 28, 2022 the Court, issued the Notice (ECF No. 56), which instructed Plaintiffs to proceed in accordance with Rule 55(b) and stated "if no steps are taken within 21 days…the court will require you to show cause why this action should not be dismissed…for failure to prosecute."

Plaintiffs now file this motion to explain what remains to be done in the case, and to ask the Court to vacate the 21-day deadline as it is not possible to be met, and to set a more workable timeframe for this case.

Because this is an action under the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, a Motion for Default Judgment is governed by 28 U.S.C. § 1608(e), which requires presentation of evidence "satisfactory to the court."

Even in a garden variety suit, the entry of a default judgment is "not automatic" and requires the exercise of sound discretion. *See Mwani v. bin Laden*, 417 F.3d 1, 6, 368 U.S. App. D.C. 1 (D.C. Cir. 2005); *Sanchez v. Devashish Hospitality,* LLC, 322 F.R.D. 32, 36 (D.D.C. 2017); *Boland v. Yoccabel Constr. Co., Inc.,* 293 F.R.D. 13, 17 (D.D.C. 2013) (*citing Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)). The Court must—at a minimum—satisfy itself that it has subject-matter jurisdiction over the claims and personal jurisdiction over the defendants. *See Jerez v. Republic of Cuba,* 775 F.3d 419, 422 (D.C. Cir. 2014) ("A default judgment rendered in excess

of a court's jurisdiction is void."); *Mwani*, 417 F.3d at 6 (explaining that the Court must "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant."). In cases brought against a foreign state, however, the Court's discretion to enter a default judgment is even more narrowly circumscribed. By statute, no federal or state court may enter a default judgment against a foreign state or instrumentality "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This is the same standard that applies to default judgments against the United States under Federal Rule of Civil Procedure 55(d). *See Owens v. Republic of Sudan*, 864 F.3d 751, 785, (D.C. Cir. 2017); *Hill v. Republic of Iraq*, 328 F.3d 680, 683 (D.C. Cir. 2003).

Plaintiffs must, accordingly, carry the burden of showing that the Court has subject matter and personal jurisdiction, and they must establish their right to recover by producing evidence satisfactory to the Court. To establish subject matter jurisdiction, Plaintiffs must show that: (1) the "terrorism exception" to the FSIA applies—that is, they must show that they seek money damages from a foreign state for personal injury or death caused by a covered act of terrorism or "the provision of material support or resources for such an act;" (2) the foreign state was designated as a state sponsor of terrorism at the time of the act of terrorism (or because of the act) and remained so designated at the time the suit was brought (or shortly before suit was brought); and (3) "the claimant or the victim was, at the time" of the act of terrorism, "a national of the United States," a member of the U.S. military, or an employee (or contractor) of the United States acting within the scope of her employment. 28 U.S.C. § 1605A(a). To establish personal jurisdiction, Plaintiffs must show that the Court has subject matter jurisdiction over their claims and that Iran was served in accordance with 28 U.S.C. § 1608. 28 U.S.C. § 1330(b). And, to establish a right to recover, Plaintiffs must offer evidence showing that they satisfy either (1) each of the elements of the cause

of action set forth in 28 U.S.C. § 1605A(c) or (2) each of the elements of a common law tort cause of action. *See Owens*, 864 F.3d at 809.

In a case such as this in which Plaintiffs allege that a foreign state materially supported acts of terrorism, the district court must determine "how much and what kinds of evidence the plaintiff must provide." *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014). But the Court must do so in light of Congress's purpose in enacting § 1605A—that is, to "compensate the victims of terrorism…[so as to] punish foreign states who have committed or sponsored such acts and [to] deter them from doing so in the future," *id.* at 1048 (citation omitted)—and the difficulty in obtaining "firsthand evidence and eyewitness testimony…from an absent and likely hostile sovereign," *Owens*, 864 F.3d at 785.

In order to carry this burden to establish the liability aspects of their claims, Plaintiffs are intending to offer evidence including multiple expert witnesses regarding the perpetrators of the terrorist attacks at issue, the terrorist organizations they were affiliated with, and Syria's state sponsorship of those terrorists. To establish the damages aspects of the case, Plaintiffs are planning to offer their own testimony by declaration, declarations of physicians and psychological experts, and also experts about the law of France and Belgium, as for certain plaintiffs who are not United States citizens their claims are governed by foreign law. Presenting all this proof is a huge undertaking. In addition, Plaintiffs will submit a memorandum of law and a proposed findings of fact and conclusion of law tying together all the evidence from the liability and damages experts, and setting forth the proposed damages awards and the factual and legal basis therefor.

Plaintiffs have been working on this project for months, but it remains a considerable distance from being completed. Plaintiffs have retained a liability expert with respect to three of the terror attacks that has issued a report, but must retain another liability expert for one of the

terror attacks; Plaintiffs' counsel has interviewed numerous plaintiffs, but must still interview some plaintiffs and then prepare and finalize declarations for over two dozen plaintiffs to review and execute; Plaintiffs have retained a psychologist to evaluate the plaintiffs but there are several plaintiffs that must still be evaluated by the psychologist; Plaintiffs have retained a physician to evaluate the survivors of the terrorist attacks with respect to their physical injuries, but the physician first had to obtain various medical records for those plaintiffs with respect to their treatment for their physical injuries due to the terror attacks, and is now in the process of proceeding to evaluate those plaintiffs; Plaintiffs have engaged experts in Belgian and French tort law who are preparing their declaration; Plaintiffs intend to rely on evidence that had been presented in an earlier case and had to obtain transcripts from the court reporter in the earlier case.

The death of plaintiffs' decedents Erez Orbach, Nohemi Gonzalez, Alexander Pinczowski and Avraham Goldman has left their families still to this day struggling, which has made obtaining the family's cooperation for evaluations and interviews a process imbued with pain and heartache, which means we must proceed slowly.

Plaintiffs anticipate being able to file their Motion for Default Judgment within a reasonable time period, but still it will take several more months to fully prepare the motion for a default judgment. Plaintiffs believe that the submission will likely be ready by mid-July.

WHEREFORE, Plaintiffs pray the Court to vacate and/or modify the Notice Directing Plaintiff to Proceed after Entry of Default (ECF No. 56), and furthermore, that Plaintiffs be required to file a further status report no later than July 31, 2022, unless the Motion for Default Judgment has been filed prior to this July 31, 2022 deadline.

This the 15th day of April, 2022.

                                      **THE BERKMAN LAW OFFICE, PLLC**

By:     */s/ Robert J. Tolchin*
           Robert J. Tolchin, NY Reg.# 2546596
           111 Livingston Street, Suite 1928
           Brooklyn, New York 11201
           Telephone: (718) 855-3627
           rtolchin@berkmanlaw.com

           **SHANAHAN LAW GROUP, PLLC**

By:     */s/ Kieran J. Shanahan*
           Kieran J. Shanahan, NCSB # 13329
           128 E. Hargett Street, Suite 300
           Raleigh, North Carolina 27601
           Telephone: (919) 856-9494
           Facsimile: (919) 856-9499
           kieran@shanahanlawgroup.com
           *Local Rule 83.1 Counsel*
           *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Motion to Vacate or Modify Notice Directing Plaintiff to Proceed After Entry of Default** was electronically filed this the 15th day of April, 2022 with the Clerk of Court using the CM/ECF system. Parties may access this filing through the Court's Electronic Filing System. A copy has been placed in the United States Mail, First Class, postage prepaid and addressed as follows:

>
> The Syrian Arab Republic
> c/o Foreign Minister Walid al-Muallem
> Ministry of Foreign Affairs
> Next to al-Assad University Hospital
> Next to Presidency of the Counsel of Ministers Building
> Kafar Soussa, Damascus Syria

**SHANAHAN LAW GROUP, PLLC**

By:    */s/ Kieran J. Shanahan*
Kieran J. Shanahan, NCSB # 13329
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
kieran@shanahanlawgroup.com
*Local Rule 83.1 Counsel*
*Attorney for Plaintiffs*

*Of counsel:*
Robert J. Tolchin, NY Reg.# 2546596
The Berkman Law Office, PLLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Telephone: (718) 855-3627
rtolchin@berkmanlaw.com